UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| JIMMIE D. ROSS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:04-CV-607 |
| | ) | | (VARLAN/SHIRLEY) |
| MBNA BANK, *et al.*, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**MEMORANDUM OPINION**

This civil action is before the Court on motions to dismiss filed by: (1) defendant Chancellor Forgety [Doc. 34]; (2) defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum [Doc. 39]; (3) defendant Edington [Doc. 47]; (4) defendant Cunningham [Doc. 49]; (5) defendant Finkelstein, Kern, Steinberg & Cunningham [Doc. 51]; and (6) defendants MBNA Bank, Abramson, Munoz, and Wolpoff & Abramson [Doc 53].

**I.     Relevant Facts**

Plaintiff filed his complaint *pro se* on December 23, 2004, alleging violations of 18 U.S.C. §§ 1961 and 1962 ("RICO") against the above-named defendants and as well as defendant Brandt, who has not filed a motion to dismiss. Specifically, plaintiff alleges defendants engaged in a "debt collection fraud racket" whereby defendants conspired to "fraudulently claim[] [plaintiff] was indebted to MBNA Bank in a sum in excess of thirty thousand dollars." Plaintiff describes the purported debt as "worthless commercial paper"

and "a fraudulent security instrument" and refers to various defendants as "artists." Thus, it seems the core issue of plaintiff's claims is his contention that the debt is not valid.

According to plaintiff's complaint, the "scam" apparently culminated on October 26, 2004, when defendants Edington and Finkelstein, Kern, Steinberg & Cunningham, obtained a judgment order on behalf of defendant MBNA that was signed by defendant Chancellor Forgety in the amount of $30,508.30. Plaintiff describes the entry of that judgment order as an "episode of mischief," in which defendant Chancellor Forgety gave defendant Edington a "sworn agreement to aide and abet in the defrauding" of plaintiff. The Court construes plaintiff's description of defendant Chancellor Forgety's "sworn agreement" as the judgment order entered against plaintiff. In his motion to dismiss, defendant Chancellor Forgety, also construing plaintiff's description as a reference to the judgment order, provides a copy of that judgment order and asks that it be incorporated into the record. [*See* Doc. 34-2].

The judgment order indicates that a motion for summary judgment was granted in favor of defendant MBNA, ordering plaintiff to pay $30,508.30 with post judgment interest. The order notes that plaintiff failed to file any formal responsive pleadings and was not present to oppose the motion.

**II.     Analysis**

Defendants move for dismissal based on several grounds, including Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim for which relief can be granted. At this early stage of the proceedings, the Court must construe all well-pled allegations of the complaint to be true. *Hahn v. Star Bank*, 190 F.3d 708, 718 (6th Cir. 1999).

2

Pleadings by *pro se* litigants are entitled to particularly liberal construction. *Id.* at 715. "This less stringent standard, however, does not mean that *pro se* plaintiffs are entitled to take every case to trial" on the basis of futile claims. *Id.*

Ordinarily, if a court considered "matters outside the pleading" in resolving a Rule 12(b)(6) motion, the motion is converted to one for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(b). As a result, the burden is placed on the movant to demonstrate that there is no genuine issue of disputed material fact. *See* Fed. R. Civ. P. 56(c). There are exceptions to this general rule, however. Documents attached to a motion to dismiss are considered part of the pleadings if they are: (1) central to plaintiff's claim; and (2) referred to in plaintiff's complaint. *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997).

Although the present complaint is somewhat difficult to decipher, what is clear is that plaintiff alleges that defendant MBNA, acting through defendants Abramson, Munoz, Wolpoff & Abramson, Edington, Cunningham, and Finkelstein, Kern, Steinberg & Cunningham, and others, attempted to collect a "fraudulent" debt. It is apparent from the record that Chancellor Forgety's October 26, 2004, judgment order relates to the same conduct plaintiff claims was fraudulent. Because it is referenced in, and central to, plaintiff's claim, the Court can accordingly consider the Chancery Court judgment order in resolving defendants' motions under Rule 12(b)(6).[1]

    A.    <u>Defendant Chancellor Forgety</u>

---

[1] Alternatively, the Court may consider the Chancery Court record under the "public records" exception. *See Neiman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997).

3

Case 3:04-cv-00607 Document 56 Filed 09/23/05 Page 3 of 8 PageID #: 3

It is well-settled that, with limited exceptions, judges are immune from suit for money damages. *Mireles v. Waco*, 502 U.S. 9 (1991). A litigant cannot sidestep a judicial officer's immunity by alleging bad faith, malice, corruption, bribery, or conspiracy. *Id*. at 288; *Eldridge v. Gibson*, 332 F.3d 1019, 1021 (6th Cir. 2003). Instead,

> immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.

*Mireles*, 502 U.S. at 11-12 (citations omitted).

Although plaintiff alleges that Chancellor Forgety entered the underlying judgment order in an attempt to further some alleged fraud, such allegation does not transform the judge's action into "nonjudicial" conduct, even if true. "[T]he relevant inquiry is the nature and function of the act, not the act itself. In other words, we look to the particular act's relation to a general function normally performed by a judge . . . ." *Id*. at 13 (citations and quotations omitted). In the present case, the conduct of which plaintiff complains – the adjudication of a debt collection suit and the entry of an order – relate to "a general function normally performed by a judge," regardless of the alleged motivation. *Id*. at 11-13.

Plaintiff is not able to meet the second exception to judicial immunity either. The Court simply cannot conclude that a chancellor acts "in the complete absence of all jurisdiction" by adjudicating a debt collection suit.

4

Therefore, defendant Chancellor Forgety retains judicial immunity. Accordingly, defendant Chancellor Forgety's motion to dismiss [Doc. 34] will be granted. Defendant Chancellor Forgety will be dismissed from this civil action.

> B. <u>Defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum</u>

The doctrine of judicial immunity also extends to quasi-judicial roles that are "'functionally comparable' to that of a judge." *Butz v. Economu*, 438 U.S. 478 (1978) (quotation omitted); *Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of Amer., et al. v. Greyhound Lines, Inc.*, 701 F.2d 1181, 1185 (6th Cir. 1983). The Sixth Circuit recognizes that the function of an arbitrator is quasi-judicial in nature and, thus, falls under the umbrella of judicial immunity. *See Greyhound Lines, Inc.*, 701 F.2d at 1185. This immunity covers both the arbitrators personally and the boards that sponsor arbitration. *See Corey v. New York Stock Exchange*, 691 F.2d 1205, 1209 (6th Cir. 1982).

In the present case, plaintiff never directly stated allegations against defendants National Arbitration Forum, Johnson, Soltis, Kalina, and Fredrickson. Construing the complaint liberally, however, plaintiff seems to include these defendants in the alleged conspiracy. The only involvement by these defendants that the Court can discern from the complaint is in their role as arbitrators who adjudicated a debt collection arbitration. Thus, these defendants were acting in a quasi-judicial role.

Therefore, defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum are entitled to arbitral immunity, and plaintiff has failed to allege any facts that would

5

deny these defendants that immunity. Accordingly, the motion to dismiss filed by defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum [Doc. 39] will be granted. Defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum will be dismissed as parties to this civil action.

  C. <u>Defendants Edington; Cunningham; Finkelstein, Kern, Steinberg
    &amp; Cunningham; MBNA Bank; Abramson; Munoz; and
    Wolpoff &amp; Abramson</u>

After reviewing the October 26, 2004, Chancery Court judgment it is clear that plaintiff's complaint against defendants Edington; Cunningham; Finkelstein, Kern, Steinberg & Cunningham; MBNA Bank; Abramson; Munoz; and Wolpoff & Abramson must be dismissed under the doctrine of collateral estoppel, which bars a second suit between the same parties or their privies as to issues which were actually litigated and determined. *See Massengill v. Scott*, 738 S.W.2d 629, 632 (Tenn. 1987) (citation omitted). In determining the preclusive effect of the underlying Chancery Court judgment, this Court must first look to Tennessee's state law of preclusion. *See Marrese v. Amer. Acad. of Orthopedic Surgeons*, 470 U.S. 373, 381 (1985). If Tennessee courts would accord the judgment preclusive effect, then this Court must do likewise unless Congress has expressly or impliedly created an applicable exception to this rule. *See id.*; *Bay Area Factors v. Calvert (In re Calvert)*, 105 F.3d 315, 317 (6th Cir. 1997). No such exception applies to the present case.

Tennessee courts apply the doctrine of equitable estoppel to issues which were actually litigated and determined in a former suit between the same parties or their privies if the issues were necessary to the judgment in that suit. *See Massengill*, 738 S.W.2d at 632.

6

The Chancery Court litigation was a suit between plaintiff and MBNA, a defendant in the present action and represented by defendants Edington, Cunningham, and Finkelstein, Kern, Steinberg & Cunningham. It seems that defendants Abramson, Munoz and Wolpoff & Abramson also represented defendant MBNA at an earlier point during the same debt collection action. At the core of the Chancery Court litigation was the same debt that is the subject of this suit. As the October 26, 2004, judgment and order demonstrates, although plaintiff failed to appear or oppose the motion for summary judgment, the issue was well-pleaded, properly raised, and, thus, "actually litigated" in that case. *See Rally Hill Prods. v. Bursack (In re Bursack)*, 65 F.3d 51, 54 (6th Cir. 1995). Finally, the Court finds that the resolution of the validity of the $30,508.30 was "necessary to the judgment" in Chancery Court, as that litigation resulted in a judgment order in favor of defendant MBNA.

Plaintiff could have raised his civil RICO claims in state court. *See Tafflin v. Levitt*, 493 U.S. 455 (1990). More precisely, plaintiff could have raised his allegations in Sevier County Chancery Court when the legitimacy of the debt was first litigated. *See Tennessee ex rel. Pierotti v. 777 N. White Station Road, Memphis, Tenn.*, 937 F.Supp. 1296 (W.D. Tenn. 1996). The Chancery Court ruling granting summary judgment against plaintiff collaterally estops plaintiff from now challenging the validity of MBNA's claims. We "have a system of law which expects, and in fact demands, that individuals sued respond to the suit and which subjects to liability those who do not." *See Calvert*, 105 F.3d at 321.

Therefore, plaintiff is estopped from challenging the purported "fraudulent security instrument" claim upon which the RICO complaint is based. Accordingly, the motions to
7

dismiss filed by defendants Edington; Cunningham; Finkelstein, Kern, Steinberg & Cunningham; MBNA Bank; Abramson; Munoz; and Wolpoff & Abramson [Docs. 47, 49, 51, 53] will be granted. Defendants Edington; Cunningham; Finkelstein, Kern, Steinberg & Cunningham; MBNA Bank; Abramson; Munoz; and Wolpoff & Abramson will be dismissed as parties to this civil action.

**III. Conclusion**

In summary, for the reasons set out above, the following defendants will be dismissed as parties to this civil action: (1) defendant Chancellor Forgety; (2) defendants Johnson, Soltis, Kalina, Fredrickson, and National Arbitration Forum; (3) defendant Edington; (4) defendant Cunningham; (5) defendant Finkelstein, Kern, Steinberg & Cunningham; and (6) defendants MBNA Bank, Abramson, Munoz, and Wolpoff & Abramson.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
